UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HOWARD SCHOMAN, by his
Co-Administrators DAVID SCHOMAN and
FLOYD SCHOMAN,

                      Plaintiff,                  **SUA SPONTE REPORT & RECOMMENDATION**

-against-

                                                      CV 23-6340 (JMA)(AYS)

NORTHPORT VA MEDICAL CENTER,

                      Defendant.
-----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

On August 24, 2023, Plaintiff, Howard Schoman, by his Co-Adminstrators David Schoman and Floyd Schoman ("Plaintiff"), represented by counsel, commenced this action against Defendant, Northport VA Medical Center ("Defendant"), alleging medical malpractice on the part of Defendant while Plaintiff resided in its facility. (See generally Compl., Docket Entry ("DE") [1].)

By Notice dated October 13, 2023, the Clerk's Office advised Plaintiff that the summons he submitted was not issued because an incorrect summons form was submitted. Plaintiff was directed to correct the mistake and resubmit a proper "Summons form AO 440 Rev 6/12, Summons in a Civil Action." (Notice dated Oct. 13, 2023.) No such corrected summons was ever filed by Plaintiff.

On October 26, 2023, this Court directed the parties to appear for an initial conference on January 8, 2024. (DE [6].) On January 2, 2024, after reviewing the docket sheet, this Court adjourned the initial conference to March 7, 2024, in light of the fact that Defendant had not been served yet herein. By Order dared January 2, 2024, this Court directed Plaintiff to "correct

1

any outstanding issues with the summons" and "to serve Defendant with a copy of [the] Order, and to file proof of service on the docket, by January 4, 2024." (Order of Shields, M.J., dated Jan. 2, 2024.) To date, Plaintiff has failed to comply with this Order.

By Order dated March 5, 2024, this Court – noting that Defendant had still not been served with notice of this action – cancelled the initial conference schedule for March 7, 2024. Plaintiff has failed entirely to communicate or cooperate with this Court, despite being notified of numerous deadlines by which to do so. For the reasons set forth below, this Court respectfully recommends that this action be dismissed, with prejudice.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;

- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to file a proper summons herein, such that Defendant has never been served with notice of this action. Although given ample opportunity to correct his mistake, Plaintiff has failed to do so. Moreover, there has been no contact by Plaintiff with the Court. Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent.

At this time, Defendant appears to be completely unaware that an action has been commenced by Plaintiff. Moreover, Plaintiff has been completely unresponsive to the Court's directions and Orders. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendant, who already bears the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and impedes Defendant's ability to marshal an effective defense. As the

3

Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." <u>Peart</u>, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this action for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
 March 7, 2024

                                                     /s/ Anne Y. Shields
                                                    ANNE Y. SHIELDS
                                                    United States Magistrate Judge